UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21243-CV-WILLIAMS
(17-20140-CR-WILLIAMS)
MAGISTRATE JUDGE REID

MARIO TAVAROUS YOUNG,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This Cause is before the Court upon Movant's Amended Motion to Vacate filed pursuant to 28 U.S.C. § 2255, attacking his convictions and sentences, following a trial in Case No. 17-20140-CR-WILLIAMS. [ECF No. 7]. This matter has been referred to the Undersigned for consideration and report on dispositive matters pursuant to S.D. Fla. Admin. Order 2019-2. [ECF No. 2]. For the following reasons, the Amended Motion to Vacate should be **DENIED**.

### II. Claims

Construing the Amended Motion liberally, as required by *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Movant raises the following grounds for relief:

> 1. Movant's sentence was illegally imposed under an unconstitutional statute because the factual predicate for his offenses do not qualify as a serious drug offense;
>
> 2. Trial Counsel was ineffective for failing to file an appeal;
>
> 3. Appellate Counsel was ineffective for failing to contact Movant about possible grounds for appeal.

[ECF No. 7].

### III. Pertinent Factual and Procedural Background

Following a jury trial, Movant was convicted of (1) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841, and (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [CR ECF No. 90]. In total, the Court imposed a sentence of 180 months' imprisonment. [*Id.*].

Movant's trial counsel filed a motion to withdraw as counsel, explaining Movant no longer had the financial ability to afford counsel for an appeal. [CR ECF No. 91]. The Court granted the motion to withdraw and appointed CJA counsel to represent Movant on appeal. [CR ECF No. 96].

On appeal, Movant argued that the Court erred by "entertaining the government's untimely objections to the PSI [pre-sentence investigation report] regarding his status as an armed career criminal under the ACCA, 18 U.S.C. § 924(e)" and by "finding that his prior Florida conviction for robbery qualified as a predicate offense under the ACCA." *United States v. Young*, 767 F. App'x 766, 770 (11th Cir. 2019). The U.S. Court of Appeals for the Eleventh Circuit affirmed the convictions and sentences. *See id.* at 772. The instant motion followed. [ECF Nos. 1, 7].

### IV.     Standard of Review

Section 2255 states in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution...may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a).

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United

States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (citations and internal quotations omitted). If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## V. Discussion

A. Ground One

In Ground One, Movant claims his sentence is illegal because his prior state convictions did not qualify as serious drug offenses. [ECF No. 7 at 4]. Movant's claim that a sentencing error transpired is not cognizable in this proceeding and is procedurally barred to the extent he raises it as a constitutional violation.

"Unless [an] error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice[,]" "a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment[.]" *Lynn*, 365 F.3d at 1232-33. To the extent this was not a constitutional claim, Movant provides no valid explanation for why his claim could not have been raised on direct appeal. Therefore, the claim is not cognizable. *See id.* at 1234.

Even if the Court were to accept Movant's framing of constitutional error, it would be procedurally defaulted. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Id.* (collecting cases). In this case, because it appears Movant could have raised this claim on direct appeal, it is procedurally defaulted unless he could show one of two exceptions apply. *See id.*

"Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Id.* (collecting cases). Where there was "something external" that cannot "fairly be attributed" to the litigant's conduct, which impeded a litigant's efforts to comply with the procedural rule, cause exists. *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). In his Amended Motion, Movant asserts he was unable to speak to his appellate attorney about the possibility of this claim. [ECF No. 7 at 4]. Even so, "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation[.]" *Coleman*, 501 U.S. at 753. As such, Movant cannot rely on his appellate attorney's conduct as a basis to show cause to excuse the default of this claim.

As for the second exception, "a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234 (internal quotation marks omitted). Movant does not rely on this exception, and he does not provide any evidence that he is actually innocent. Accordingly, this exception also does not apply. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995) (explaining "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation" will not allow a federal

court to review the procedurally barred claim through this exception). In sum, regardless of how this claim is framed, it is either not cognizable or procedurally barred.

B. Ground Two

In Ground Two, Movant claims his trial counsel was ineffective because he did not pursue an appeal. [ECF No. 7 at 5]. Movant explains he had to file a *pro se* notice of appeal to initiate his appellate proceedings. [*Id.*].

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. Trial counsel did withdraw, however, the court appointed CJA counsel to represent Movant on appeal. Because Movant was not deprived of a represented appeal, he cannot show trial counsel's failure to initiate appellate proceedings prejudiced him at all. *See id.* at 694. This claim should, therefore, be denied.

C. Ground Three

In Ground Three, Movant contends his appellate counsel was ineffective for not contacting him by phone or legal mail, or otherwise meeting him in person, to discuss potential grounds for appeal. [ECF No. 7 at 7]. Movant asserts he wanted to appeal "the groun[d]s [he] objected to during sentencing." [*Id.* at 8].

Movant's allegations are subject to a heightened pleading standard in this proceeding. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)). And relatedly, a criminal defendant carries the burden of proving their counsel was ineffective. *See e.g.*, *Strickland v. Washington*, 466 U.S. 668, 687 (1984)(explaining a defendant must make a sufficient showing on both prongs – that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense). Based on Movant's

generalized allegations, Movant cannot show appellate counsel was ineffective for not raising unspecified grounds that he objected to during the sentencing proceeding.

To the extent Movant argues counsel should have argued every single issue objected to during the sentencing proceeding, counsel is not ineffective for deciding not to raise every colorable issue. *See, e.g.*, *Jones v. Barnes*, 463 U.S. 745, 753 (1983) ("A brief that raises every colorable issue runs the risk of burying good arguments[.]"); *Rambaran v. Sec'y, Dep't of Corr.*, 821 F.3d 1325, 1332 (11th Cir. 2016) ("[A]ppellate counsel is not required to raise every nonfrivolous issue that a defendant wants raised[.]"). And Movant's lack of specificity makes this claim too vague and conclusory to entitle him to relief. This claim should be denied.

### VI. Evidentiary Hearing

Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015).

However, district courts "need not hold a hearing if the allegations are 'patently frivolous,' based upon 'unsupported generalizations,' or 'affirmatively contradicted by the record.'" *Id.* (relying upon *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)); *cf. Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing in a § 2254 context).

Here, Movant cannot show an evidentiary hearing would prove he is entitled to relief. The record and his allegations are sufficient to review this case.

### VII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his motion to vacate has no absolute entitlement to appeal and must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a COA only if the prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253 (c)(2). To merit a COA, prisoners must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001). Where a district court denies a claim solely on procedural grounds, the prisoner must show that reasonable jurists would find the district court's assessment of the constitutional claims and procedural ruling debatable or wrong to merit a certificate of appealability. *See id. at* 474, 484.

In this case, there is no basis to issue a certificate of appealability. If Movant disagrees, he may so argue to the District Judge in objections to this Report.

## VIII. Conclusion

Based on the above, it is recommended that the Amended Motion to Vacate [ECF No. 7] be **DENIED**. In addition, an evidentiary hearing should be **DENIED**, and this Court should **NOT ISSUE** a certificate of appealability. Accordingly, this case should be **CLOSED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

Signed this 19th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Mario Tavarous Young
04972-104
Atlanta-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 150160
Atlanta, GA 30315
PRO SE

Breezye Telfair
U.S. Attorney's Office
11200 NW 20th Street
Suite 101
Miami, FL 33172
305-715-7644
Fax: 305-715-7639
Email: Breezye.Telfair@usdoj.gov

Jessica Kahn Obenauf
US Attorney's Office
99 NE 4th Street
Miami, FL
305-961-9317
Email: jessica.obenauf@usdoj.gov

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov